## William J. Jackson, Receiver, Appellee, v. M. Piowaty & Sons, Appellant.

### Gen. No. 22,773. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by William J. Jackson, receiver of the Chicago & Eastern Illinois Railroad Company, plaintiff, against M. Piowaty & Sons, a corporation, defendant, to recover balance claimed to be due for freight and other charges on certain tomatoes delivered on reconsignment to defendant. From a judgment for plaintiff for $158.07, defendant appeals.

SABATH, STAFFORD & SABATH, for appellant; CHARLES B. STAFFORD, of counsel.

C. B. CARDY, for appellee; H. T. DICK, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS—*what does not constitute notice to carrier that person receiving goods is agent for shipper.* The fact that a party re-

ceiving certain goods shipped by a carrier is in the commission and brokerage business is not in itself notice to the carrier that such party was agent for the shipper.

2. CARRIERS—*when agent receiving goods for shipper is relieved from liability for freight charges.* Before a party receiving a shipment of goods as agent for the shipper can be relieved from liability for payment of the freight charges on the goods, in an action to recover such charges, it must affirmatively appear that the carrier had actual notice of such agency.

3. CARRIERS, § 33a*—*what is implied notice as to tariff rates.* The fact that tariff rates fixed by the Interstate Commerce Commission are on file at Washington is implied notice to all persons interested in such rates.

4. CARRIERS, § 29*—*validity of provisions of Interstate Commerce Act as to liability for freight charges.* The Interstate Commerce Act, providing that "the owner or consignee shall pay the freight and all other lawful charges," is constitutional.

5. CARRIERS—*when consignee is impliedly liable for charges.* A consignee receiving goods shipped is impliedly liable for the shipment charges.